# CASES DETERMINED

IN THE

# ST. LOUIS AND KANSAS CITY

## COURTS OF APPEALS.

### OCTOBER TERM, 1885.

CHARLES H. NASH, Appellant, v. KERR MURRAY MANU-
FACTURING CO., Respondent.

#### Kansas City Court of Appeals, October 26, 1885.

CONTRACT—CONSIDERATION—CHARACTER OF—CASE ADJUDGED.—Where
the plaintiff claims that the defendant promised to pay him
a sum of money, in consideration of his procuring for it a contract
to erect gas works; and it appears that the plaintiff's services did
not go beyond a recommendation of defendant; and that this
service had been rendered before any call was made upon defend-
ant for compensation; and that the contract finally made by
defendant was on other terms and upon competition with other
bidders. *Held*, that a demurrer to the evidence was properly sus-
tained, and that it is questionable if there was any consideration
for the gratuitous promise of commission, if the services of
plaintiff had obtained the contract. *Held*, further, that the con-
tract sought to be enforced would be contrary to public policy;
that plaintiff dealing with those charged with a public trust, as
a friend, could not, in good faith, agree with the contractor for a
*bonus* to himself, covertly included in the estimate.

APPEAL from Buchanan Circuit Court, HON. JOSEPH
P. GRUBB, Judge.

*Affirmed.*

VOL. XIX—1                                                    (1)

The facts are stated in the opinion.

ALLEN H. VORIES, for the appellant.

I.   Plaintiff acted as the agent of defendant in procuring the contract for building the gas works and was entitled to his *percentage* of five per cent.   And it can make no difference whether he was originally constituted the agent before his services, or whether his acts were ratified by defendant afterwards.   *Ruggles v. Washington Co.*, 3 Mo. 496; *Jefferson City Savings Ass'n v. Morrison*, 48 Mo. 273; *Norton v. Ball*, 43 Mo. 113; Story on Agency, sect. 45s, 253–260.

II.   The letter of defendant proposing a commission of one hundred and fifty dollars, and the estimate of the same day of five per cent. amounting to one hundred and fifty dollars, became binding on defendants as soon as said letters were put in the postoffice.   Parsons on Contracts, sect. 5, page 282.

III.   The services rendered by plaintiff were beneficial to defendant; and were an expense and trouble to plaintiff, and were a sufficient consideration for the promise to pay, and the promise was a sufficient consideration for the agreement of plaintiff.   *Hudson v. Busby*, 48 Mo. 15; Parsons on Contracts, 448.

IV.   It can make no difference in this case, whether defendant included in his bid for the work the commission agreed to be paid to plaintiff, or said nothing about it; the commission under the name of contingencies was included in the first bid, which proves the agreement.

LANCASTER, THOMAS & LACY, for the réspondent.

I.   The evidence shows conclusively that there was no promise by defendant to pay plaintiff one hundred and fifty dollars, five *per centum;* or any other sum. The agreement was that defendant would include in the bid about to be made by it one hundred and fifty dollars as a commission for plaintiff; this sum was included in

the bid and the bid was rejected. When that bid was made and rejected defendant had complied with the contract and was 'released from further obligation to plaintiff.

II. The contract, admitting that it bound defendant to pay plaintiff one hundred and fifty dollars in case its bid should be accepted, furnishes no cause of action, and is void as against public policy. His proposition was to defendant that it should "figure to give him ten per cent.," and be *paid by the party having the work done*. Was this good faith to it?

III. On the state of facts disclosed by the evidence plaintiff cannot recover. *Holcomb v. Weaver*, 7 Mass. L. Rep. May 1, 1884; 16 Cent. Law Journal, May 9, 1884, p. 378; *Tool Co. v. Morris*, 2 Wallace 45; *Clippinger v. Heplaugh*, 5 Watts. and Serg. 315; *Lyon v. Mitchell*, 36 N. Y. 241.

IV. In this case plaintiff was the agent of the asylum board to find a suitable party to do *their* work; and cannot recover from defendant; nor could he make a legal contract with defendant that he should be paid by defendant for recommending it. *Everhart v. State*, 71 Pa. St. Rep. 256. And it makes no difference whether the commission agreed on was included in the bid and paid by the asylum board in excess of the amount honestly due defendant, or was to be paid by defendant outside of the bid. *Meyer v. Hanchett*, 39 Wisconsin 419; *Walker v. Osgood*, 93 Mass. 351, *Rice v. Wood*, 113 Mass. 135.

PHILIPS, P. J.—This is an action *in assumpsit* instituted by appellant against respondent to recover the sum of one hundred and fifty dollars, which the plaintiff claims the defendant promised to pay him in consideration of procuring for it a contract to erect gas works for the lunatic asylum at Osawatomie, Kansas.

The plaintiff's evidence tended to show, that in the spring of 1881 the board of commissioners, or trustees, of said asylum desired to erect gas works for this insti-

tution. The plaintiff, who was engaged in such business at the city of St. Joseph, Mo., visited Osawatomie with a view of making a bid to do said work. On investigation, however, he concluded that he would not make any proposal. Being requested by one Knowles, the president of said board of commissioners, to give him the name of some responsible party to do such work, he recommended the defendant. The plaintiff never saw the defendant, or any representative of the concern. All that ever transpired between them respecting this matter is evidenced by correspondence.

Plaintiff sent to defendant, after the occurrences aforesaid, the following letter:

"HOT SPRINGS, ARK., March 12, 1881.
"*Kerr Murray Manufacturing Company.*

"GENTS :—I received your letter with prices. I am now figuring on two or three works. May do something with you. I enclose you a letter from Mr. Knowles. I have written him, giving your name, and saying I would forward your letters, and you would write him. I think he is the president of the institution. You may figure to give me ten per cent. for sending you this, as you can get it."

To which defendant sent the following answer:

"FORT WAYNE, IND., March 17, 1881.
"*C. H. Nash, Hot Springs, Arkansas.*

"DEAR SIR:—Your favor of the 12th received, inclosing letter from Mr. Knowles. Will send him estimate to-day. We have before, a few months ago, made a proposition for the same work to another party, and under the circumstances do not see how we can avoid making a rather close estimate, if we expect to get the work.

"The best we can do is to make figures to him bearing a commission for you of one hundred and fifty dollars, for we might otherwise be left. While we would like to do better, we think you will be satisfied. This is the best course all around."

This letter plaintiff forwarded to Knowles. On

March 19, 1881, Knowles wrote defendant as follows:
"Your favor of the 17th is received. Since writing our first letter, we have made partial specifications on which to invite bids for gas works. I enclose same and would like to have you make bids, as we have been favorably impressed with works done by you in other places."

Prior to the receipt of this letter, defendant made and forwarded an estimate for said work, amounting to the sum of three thousand, three hundred dollars, included in which was this item: "Contingencies, five per cent., one hundred and fifty dollars." This sum, it was understood between plaintiff and defendant, represented the one hundred and fifty dollars for plaintiff. This proposition of defendant was rejected by the commissioners.

Subsequently the commissioners advertised for bids on this work, and sent to the defendant new estimates, requesting it to make a bid thereon to be submitted by the seventh day of April, 1881. Other bids were invited from other parties, and opened at the same time when defendant's bid was. Defendant's bid was accepted by the commissioners. This bid contained no item intended to cover any commission for plaintiff, nor did defendant receive any such sum for him. On this contract the defendant received the sum of three thousand, nine hundred dollars.

The plaintiff never made any visit to Osawatomie save the one when he went to examine for himself, as above stated; nor did he ever hold other intercourse with said commissioners.

To this evidence the circuit court sustained a demurrer; and the question we are called on to decide is, did the court do right?

I. We are of opinion that the demurrer was properly sustained. It cannot be maintained, on reason or authority, that as to the contract finally made by defendant for erecting the gas works the relation of principal and agent existed between plaintiff and defend-

ant. The only proposition made by plaintiff to defendant was conveyed in the letter of March 12, 1881, in which he merely stated that he had written Knowles, giving him defendant's name, and suggesting to defendant that in making any estimate it might figure to give plaintiff ten per cent. for sending defendant the letter and opening up to him the chance. The only pretence of a contract with defendant is to be found in the letter of March 17, 1881, in which defendant said: "The best we can do is to make figures to him bearing a commission for you of one hundred and fifty dollars, for we might otherwise be left."

It is most questionable if there was any consideration to bind even in this arrangement. For the plaintiff had already done every thing, of labor, trouble or recommendation, about this matter, before he made the suggestion to defendant. He performed no service afterward of any valuable character; and possibly it might be maintained that defendant's consent to make figures covering a commission for plaintiff was a mere gratuity, But waiving this aspect of the case, the defendant did all he consented to do. He did send in the figures covering one hundred and fifty dollars as a commission to plaintiff, provided of course his proposition should be accepted. This was the end of his proposal, as also of the negotiation inaugurated by plaintiff.

After this the commissioners, having rejected plaintiff's proposal, made new estimates or plans, and threw open the whole matter to competitive bids. It was on this new basis the contract between defendant and the commissioners was made and concluded. With this contract the plaintiff had no connection nor agency whatever. The defendant never promised to pay him any thing on account thereof, nor to make any estimate including any commission for him, nor did the plaintiff, by word or deed, contribute aught to its consummation. This, it seems to us, is too palpable to admit of serious argument. The only plausible complaint the plaintiff could make, founded on defendant's letter of March

17, it seems to me, would be that defendant did not figure for and send an estimate including the proposed commission for plaintiff. This, however, is not the *gravamen* of plaintiff's petition.

II. There is authority for saying that the contract sought to be enforced would be contrary to public policy. The commissioners, as was well known to plaintiff, were acting for the public—charged with an important public trust. After advising the commissioners, as a disinterested friend, to employ the defendant, it was an act of questionable morals to suggest to the contractor to covertly insert in his estimate an item as a bonus to him for thus directing attention to the defendant.

This inquiry we need not press. The plaintiff on his own showing has no cause of action. Judgment affirmed. All concur.