### John Schnack v. A. H. Boyd *et al.*
#### No. 10550.

1. STOCKHOLDER'S INDIVIDUAL LIABILITY—*on error from proceeding to enforce, record in action against corporation cannot be examined unless offered as evidence below.* A proceeding under the statute to charge a stockholder of an insolvent corporation with the payment of a judgment against it, is independent of the action in which the judgment was rendered—not a continuation of it, nor interlocutory nor auxiliary to it; and, upon a review of the proceeding to charge the stockholder, this court cannot examine the record of the action against the corporation, when it was not offered in evidence upon the trial of the motion for leave to issue execution.

2. ———— *in proceeding to enforce, competent to show person served in original action was not officer of corporation.* Evidence offered to impeach a sheriff's return of service of summons upon a corporation by the delivery of a copy to a person as its secretary, examined, and held to have been erroneously rejected.

Error from Pawnee District Court. S. W. Vandivert, Judge. Opinion filed April 9, 1898. *Reversed.*

*G. P. Cline* and *Peters & Nicholson,* for plaintiff in error.

*E. A. Austin, C. N. Sterry* and *W. H. Vernon,* for defendants in error.

DOSTER, C. J. This was a proceeding instituted under section 50, chapter 66, General Statutes 1897, by the defendants in error as judgment creditors of the People's Bank of Larned, Kan., against the plaintiff in error as a stockholder of the Bank, to enforce the collection of the judgment by execution.

The questions we are asked to consider are presented in the form of a case-made. A transcript of the proceedings resulting in the judgment against the Bank is incorporated in the case-made, not, however, in the form of evidence introduced or offered upon the trial of the motion for leave to issue execution, but as an integral part of a record made up of the proceedings against the bank and also those against the stockholder. We are, therefore, unable to review many of the questions discussed by counsel for plaintiff in error. The case-made contains the record of two distinct and independent proceedings; one against the People's Bank, the other against the plaintiff in error as one of its stockholders.

The fact that the cause of action against the plaintiff in error grows out of his liability as a stockholder of the Bank to pay the judgment rendered against it, does not make the action against the Bank and the one against himself an entire and indivisible proceeding. In the case of *Howell v. Manglesdorf,* 33 Kan. 194, 5 Pac. 759, it was decided that the notice re-

quired to be given to the stockholder of an insolvent corporation, in a proceeding to enforce his liability for its judgment debts, was in the nature of original process, and consequently should, be served in the same manner and under the same conditions as a summons issued at the beginning of an action. As a conclusion resulting from such view it was held, therefore, that service of notice of the motion to charge the stockholder, made outside of the state, did not confer jurisdiction over him so as to authorize the issuance of an execution against his property within the state. In the opinion in that case it was remarked :

"While the proceeding is summary in its character, and its maintenance contingent upon the insolvency of the corporation, or upon the rendition of a judgment against the corporation and the return of an execution thereon of *nulla bona*, yet we cannot regard it as an interlocutory or auxiliary proceeding in the action against the corporation. In the action against the corporation no notice of its pendency is given to the stockholder ; he is not directly interested in the action, as his liability is only secondary to the corporation, and exists alone by reason of this statutory provision, and of that provision of the constitution in pursuance of which the statute is enacted. (Const. Art. 12, sec. 2.) His liability to the creditors of the corporation is in the nature of a guaranty ; the action or proceeding to enforce the same does not accrue until the execution upon the judgment against the principal is returned unsatisfied. We think that the proceeding against the stockholder, whatever remedy may be employed, is an independent one."

From the conclusion that the proceeding to charge the stockholder with liability is in the nature of an action independent of the one against the corporation in which the judgment was rendered, it follows that such proceeding has a record of its own, independent of the one out of which it grew and upon which it is based ; and,

1. Record in action against corporation cannot be examined, when.

on a review of its record, that of the prior proceeding can be looked at by this court only when offered to the court below in the form of evidence. It was not, as a whole, introduced or offered as evidence upon the trial of the proceeding we are asked to review. Such portions of it as were necessary to lay the foundation for the filing of the motion, and the. service of the notice to charge the stockholder with liability, were introduced in evidence by the defendants in error. These portions of the record disclose some peculiar irregularities of procedure, but they were not of such nature as to show that the court acted without jurisdiction over the subject-matter or the parties. For instance, it is claimed that the petition of the defendants in error against the People's Bank and upon which default judgment was rendered, showed that the cause of action was barred by the Statute of Limitations, and further, that it did not state facts sufficient to constitute a cause of action. The determination of such matters as these was within the jurisdiction of the court. A wrong conclusion by the court as to them would render its judgment erroneous, but not void. If merely erroneous it cannot be collaterally attacked.

Counsel for plaintiff in error discuss some other questions growing out of the claimed dissolution of the People's Bank, and also discuss the truth of the sheriff's return of service upon the Bank. As to the first of these matters the discussion is predicated wholly upon the record of the proceeding against the Bank, which, as already explained, we are unable to review. The same is in great part true as to the sheriff's return. So far as the falsity of the return may be shown by the record of the proceeding in question, we are likewise unable to take it into account. However, it will be presently examined in the light of some of the oral testimony taken upon the trial of the motion to charge the stockholder.

Objection is made to the form of the motion for leave to issue execution, and also to the form of the notice of such motion. These objections were not made to the court below and cannot now be considered by us.

The judgment against the People's Bank was rendered upon service of summons made June 20, 1893, upon one L. A. Choat, as secretary of the Bank. The plaintiff in error claimed that Choat was not secretary at that time, and upon the trial of the motion for leave to issue execution he sought to prove the falsity of the sheriff's return of service in that respect. The following questions were asked, answers given and rulings of court made :

*2. Competent to show person served in original action not officer.*

Ques. "Mr. Choat, do you know who was the secretary of the People's Bank of Larned, Kansas, or whether it had a secretary in June, 1893?" Ans. "No, sir, I do n't."

Said Albert H. Boyd moved to strike out the answer of the witness, which motion was sustained by the court, to which ruling the said John Schnack duly excepted.

Q. "I will ask you if you know whether it had a secretary at that time?"

Albert H. Boyd objected to this question as incompetent, irrelevant and immaterial and not the best evidence, which objection was sustained by the court, to which ruling the said John Schnack duly excepted.

Q. "I will ask you if you are the same L. A. Choat who is plaintiff in the case of L. A. Choat v. Albert H. Boyd et al.?" A. "Yes, sir."

Q. "I will ask you whether or not you were secretary in June, 1893, of that bank corporation?" A. "Well, I do n't consider I was."

Said Albert H. Boyd moved to strike out the answer of the witness as not responsive to the question, which motion was sustained by the court, to which ruling the said John Schnack duly excepted.

In sustaining the objections to the above testimony we think the court below erred. The witness was the alleged secretary upon whom the service of summons had been made. A statement by him that he did not know who was secretary of the Bank in June, 1893, or whether it had a secretary at that time, was in negation of the claim that he was such secretary at such time. So likewise, his statement that he did not consider that he was secretary at the time service was made upon him as such officer. Had counsel who produced this witness been allowed to proceed with his examination, the fact as to whether he was secretary at the time in question, and if not who was, could, perhaps, have been satisfactorily developed. The testimony given by him and withdrawn from the jury tended quite strongly to show that he was not the secretary and that, therefore, the sheriff's return was false. It should not have been withdrawn, but should have been allowed to remain for the consideration of the jury. The secretaryship of the People's Bank was not a matter within the knowledge of the sheriff, and his return of service upon a particular person as its secretary, may be overthrown in a collateral proceeding such as this. *Chambers v. Bridge Manufactory*, 16 Kan. 270.

The judgment of the court below is reversed with directions to award the plaintiff in error a new trial of the cause.