# JANUARY TERM, 1900.

PRESENT:

Hon. FRANK DOSTER, Chief Justice.
Hon. WILLIAM A. JOHNSTON, ⎫ Associate Justices.
Hon. WILLIAM R. SMITH,　　 ⎭

John Steffins, Charles Lovelace, *et al.*, v. David
E. Gurney.

John Steffins v. David E. Gurney.

Nos. 11,174. 11,175.　(59 Pac. 725.)

1. CORPORATIONS — *Liability of Stockholders.* The individual liability of a stockholder arises after a judgment has been rendered against the corporation and when an execution thereon has been returned *nulla bona;* and in the absence of fraud on the part of the officers, such return is conclusive, as against the stockholder, that the corporation property has been exhausted.

2. ——— *Insufficient Defenses by Stockholders.* Informality in the notes evidencing the debt against the corporation, the absence of express authority from the directors to the president to execute notes given for money used in the business and for the benefit of the corporation, as well as an objection that the plaintiff in the judgment did not have a complete title to the notes, are not available to the stockholder as defenses, nor can the judgment be impeached except for fraud or want of jurisdiction.

3. ——— *Deposit by Guarantor not Payment.* A deposit made by a guarantor of the notes intended as a security for the ultimate payment of the debt, and which, it was stipulated should not operate as a payment of the debt, cannot be regarded as a payment of the judgment.

4. ——— *Limitation of Action on Judgment.* Where proceedings to enforce stockholders' liabilities and obtain executions against them are brought before the judgment becomes dormant, and are diligently prosecuted, no statute of limitations will run against the judgment creditor pending the litigation, and his right to proceed to the end will not be barred because more than six years have elapsed since the last execution on the judgment was issued.

Errors from Wyandotte district court; H. L. ALDEN, judge.   Opinion filed January 6, 1900.   Affirmed.

*McGrew, Watson & Watson,* for plaintiffs in error.
*Hutchings & Keplinger,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: These proceedings involve the same facts, and therefore they may be considered together and disposed of in a single opinion.

On April 11, 1891, David E. Gurney obtained a judgment in the district court of Wyandotte county against the Kansas City Radiator and Iron Foundry Company for $25,743.77.   Afterward an execution was issued, which was returned May 12, 1891, wholly unsatisfied, for the reason that no property of the corporation could be found by the sheriff whereon to levy it.   On June 12, 1891, Gurney filed separate motions against John Steffins and thirteen others to enforce their individual liabilities as stockholders. That they were stockholders was not denied, but they set up other defenses, among which was an attack on the validity of the judgment.

At the same time and for the same reasons, but in a separate action, they obtained from the probate court a temporary injunction restraining further proceedings against them as stockholders.   Soon afterward the injunction was dissolved by the district court, and to reverse that ruling they brought the case to this court.   It was reached on October 6, 1896, and dismissed, which in effect affirmed the order dissolving the injunction.   While that case was pending here, the district court declined to proceed further with the motions or to try the merits of the injunction

suit. After the decision in this court, the proceedings in the district court were renewed and continued until June, 1897, when Gurney was awarded judgments against the stockholders in both of the cases.

The first point made here is that the court erred in not striking the motions from the files because they were not filed in or treated as a part of the original action against the corporation. In this ruling there was no error. It has already been determined that a proceeding to enforce a stockholder's liability "is independent of the action in which the judgment was rendered — not a continuation of it, nor interlocutory or auxiliary to it." (*Schnack v. Boyd*, 59 Kan. 275, 52 Pac. 874 ; *Howell v. Manglesdorf*, 33 id. 196, 5 Pac. 759.)

Objection is made to a ruling refusing to exclude the testimony of a witness that some old and discarded radiators stored in Missouri were valueless. This is not a ground for reversal. The value of the property was trifling, and, besides, it was beyond the reach of the execution held by the Kansas sheriff. The liability of a stockholder arises when a judgment has been rendered against a corporation and an execution returned thereon of "no property found." "In the absence of fraud on the part of the sheriff, we think that the truth of a return of 'no property found' on an execution cannot be contested in an action brought to charge a stockholder of a corporation with the statutory liability." (*Thompson v. Pfeiffer*, 60 Kan. 409, 56 Pac. 763 ; *Hoyt v. Bunker*, 50 id. 574, 32 Pac. 126 ; *Sleeper v. Norris*, 59 id. 555, 53 Pac. 757 ; *Bank v. Milling Co.*, 59 id. 654, 54 Pac. 681.)

An unsuccessful attempt was made to impeach the judgment against the corporation. It is contended that the officers of the corporation had no power to execute notes for the company, and that Gurney did

not have full title, or a sufficient interest in the notes, to obtain a judgment thereon; but these objections are not now available.   Informality in the execution of the notes, or the absence of express authority from the directors to the president to execute the same, as well as the objection of the right of the plaintiff to sue, would have been of little avail under the facts as defenses by the corporation itself; and certainly they are not available to the stockholders.   The money was borrowed by the officers with the knowledge and acquiesence of the stockholders, was used in carrying on its business, and was justly owing by the corporation when the judgment was obtained.   The judgment, however, is conclusive against the stockholders, and can be impeached only for fraud or want of jurisdiction.   The fact that the officers of the corporation did not file an answer, or resist the obtaining of the judgment against the corporation upon a manifestly just claim, does not indicate fraud or collusion; and there is no lack of jurisdiction in the court rendering judgment.

There was a further claim that the judgment had been satisfied, and this upon the ground that a guarantor of the payment of the debt had provided security for its payment.   The provision made, however, was no more than security, and it was expressly stipulated that it should not operate as a payment of the debt.   Under the arrangement, the creditor was required to proceed first against the stockholders of the corporation, but the controlling fact is that the provision made was intended as a protection for the surety, and not as a payment.

The final contention is that proceedings upon the judgment were barred by the lapse of time, and that the court was not warranted in ordering executions.

This claim is based upon the fact that the only execution ever issued upon the judgment against the stockholders was returned *nulla bona* on May 12, 1891. The statute provides that a judgment becomes dormant in five years from the date of the last execution issued thereon, and can be revived only in one year thereafter.

Final action was had in these proceedings in June, 1897, more than six years after the execution was issued, and no formal revivor has been had. Proceedings to enforce the judgment, or, rather, to obtain an execution of the same, were promptly begun within a month after the execution was issued, and these proceedings have been pending ever since. The delay has been occasioned by the contention and resistance of the stockholders. All the intervening time the judgment creditor was endeavoring to enforce the judgment, and it was used in these proceedings as a basis for affirmative relief against the stockholders. In such cases there is no necessity for a formal revivor, and no statute of limitations can run against those diligently endeavoring to enforce the judgment pending the litigation. (*Kothman v. Skaggs*, 29 Kan. 5.)

The judgment of the district court will be affirmed.