## COBB, Respondent, v. HOUSTON, Appellant.

### St. Louis Court of Appeals, March 27, 1906.

1. **LIMITATIONS: Statutes: Presumption of Payment.** In the Act of 1856-7 on Limitations, section 12, article 2, suspending the running of the statute in favor of one who departs and resides out of the State, during the time of such absence, was made to apply only to the second article of the act by the phrase "specified in this article," and not to the other articles of the act, but when the act was carried forward in the General Laws of 1866, the words "herein specified" were used and thereby the section (section 16, chapter 191, General Laws of 1866) was made to apply to all the sections in that chapter, including section 31 in relation to the presumption of the payment of judgments, when that section is treated as a Statute of Limitations.

2. ———: **Presumption of Payment: Practice: Shifting Position.** Where one tries a case upon a certain theory, he cannot on appeal shift his position and have it determined upon a different theory; so where one treats the section in relation to the presumption of payment of judgment as a Statute of Limitations on the trial of the case, it will be so treated on appeal.

3. ———: **Suspension of the Statute by Absence from the State.** Independent of the statute suspending the running of the Statute of Limitations during the absence of a defendant from the State, the common law suspends the statute during such absence so that an action on a judgment rendered in 1879 was not barred by the Statute of Limitations in twenty years, where the defendant had departed and resided out of the State a greater part of that time.

4. **Judgment: Presumption of Payment: Rebutting Presumption.** Section 31, chapter 191 of the General Laws of 1866, provides that a judgment is presumed to be paid in twenty years from its rendition, and provides also the evidence by which such presumption may be repelled. Absence from the State on the part of the judgment debtor does not repel the presumption of payment so as to make the judgment admissible in evidence in an action brought on it more than twenty years after its rendition.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

REVERSED AND REMANDED.

*Virgil Rule* for appellant.

Any debt, whether it has been reduced to judgment or not, which has not been recognized by the debtor for twenty years, where no attempt has been made to enforce its collection, is presumed by the common law to have been paid or satisfied, even though the Statute of Limitations has not barred an action thereon, by reason of the absence or non-residence of the defendant. Taylor v. Megorgee, 2 Pa. St. 226; Beekman v. Hamlin, 19 Oreg. 389; Stover v. Duren, 51 Am. Dec. 636; Kline v. Kline, 20 Pa. St. 503; 22 Am. & E. Ency. Law, 602-3; Willaume v. Gorges, 1 Camp. 217; Miller v. Smith, 16 Wed. 431; Boyce v. Lake, 17 S. Car. 485-89; Miller v. Cramer, 48 S. Car. 291-2; Alston v. Hawkins, 105 N. Car. 3, 18 Am. St. r. 879; Cox v. Brower, 114 N. C. 422; Rhodes v. Turner, 21 Ala. 218; Farmers v. Leonard, 4 Har. 536; Burton v. Caimon, 5 Har. 13; Campbell v. Carey, 4 Har. 427; Robinson v. Tunnell, 2 Houst. 397; Morrow v. Robinson, 4 Del. Ch. 521; Burt v. Casey, 10 Ga. 178; Pratt v. McClure, 10 Rich. Eq. 301; Jackson v. Nason, 38 Me. 89; Devereaux's Estate, 184 Pa. St. 433. Courtney v. Standenmeyer, 54 Am. St. r. 592; Beans v. Tonnell N. Y. 46 Am. Rep. 153. (a) The presumption applies to judgments as well as all other debts. (b) Non-residence of the debtor is not sufficient to overcome the presumption. Campbell v. Brown, 86 N. C. 376; McKidder v. Littlejohn, 4 Ired. 198; Macauley v. Palmer, 6 N. Y. Supp. 404; Thompson v. Thompson, 2 Head (Tenn.) 406; Budd v. Conrad, 2 Phila. 175. (c) This presumption prima facie obliterates the debt and the burden is upon the creditor to show it has not been paid. Cope v. Humphreys, 14 S. & R. 21. (d) This presumption is independent of the presumption created by statute. Williams v. Mitchell, 112 Mo. 311, 20 S. W. 647; Rosenstock v. Desser, 67 N. Y. 657; Clements v. Wilkinson, 10 Mo. 100. (e) Until rebutted, the instrument or judgment sued on

is not even prima facie evidence of indebtedness. Idler v. Borgmeyer, 65 F. R. 926.

*Wm. H. Clopton* for respondent.

(1) The law of 1865 applies to this case. The Revised Statutes of 1879 were not in force when the judgment sued on was rendered. Under the General Statutes of 1865 suit on a judgment could be maintained in this State in twenty years after the date of the judgment. Meyer v. Steenmeyer, 19 Mo. App. 682; Hargadine v. Gibbons, 114 Mo. 561, 21 S. W. 726; Manning v. Hagan, 26 Mo. 570. (2) The defendant, having been a resident of this State when the judgment was rendered, departed from this State in 1883, and resided out of the State until the commencement of this action. The time of such absence is no part of the time limited for the commencement of actions on judgments. Gen. Stats. 1865, p. 747, sec. 16; Sauter v. Leveridge, 103 Mo. 621, 15 S. W. 981; Whittelsey v. Robert, 51 Mo. 120; Johnson v. Smith, 43 Mo. 499. (3) Respondent's cause of action accrued on the date of the rendition of the judgment sued on. Walsh v. Bosse, 16 Mo. App. 231; Kratz v. Preston, 52 Mo. App. 251. The absence of defendant from the State, and his residence out of the State, prevented plaintiff from having such service on him as would sustain a personal judgment, and the statute ceased to run in his favor from the date of his departure. Miller v. Tyler, 61 Mo. 401; Rhodes v. Farish, 16 Mo. App. 430. Even if defendant had left property here subject to attachment, that would not have kept the statute running. Lackland v. Smith, 5 Mo. App. 153.

BLAND, P. J.—On the eleventh day of February, 1879, the plaintiff recovered a judgment in the circuit court of the city of St. Louis, against defendant for four hundred and thirty-seven dollars and fifty cents, with interest from the date thereof at the rate of six per cent per annum. The present suit is founded on this judg-

ment. Te petition alleged "that at the time of the institution of said suit and the rendition of said judgment defendant was a resident of this State; that defendant departed from the State of Missouri in June, 1883, and has resided continuously since that date beyond the limits of the State of Missouri;" alleged that the judgment had never been paid and prayed judgment for the four hundred and thirty-seven dollars and fifty cents, with interest. Summons was issued on November 17, 1903, and duly served on the defendant, who appeared and filed the following answer:

"Comes now the defendant in the above-entitled cause and for his answer to plaintiff's petition herein, admits that about the year 1879, plaintiff instituted a suit against defendant in the circuit court, city of St. Louis, State of Missouri, and obtained a verdict and judgment therein, but denies that any part of said judgment has not been paid and avers that said judgment has long since been fully settled, satisfied and paid. And also avers that any action on said judgment is barred ·by reason of the Statute of Limitations of the State, then and there in force at the time said judgment was obtained, which said statute was passed————1857 (Laws Mo., 1856-7, art. 3, sec. 16, G. S. Mo. 1865, p. 749, sec. 31). Defendant admits that he departed from the State of Missouri in the year 1883, and has resided continuously since said year in the State of California, and denies each and every other allegation in said petition contained, not herein specifically admitted to be true."

The issues were submitted to the court sitting as a jury.

Plaintiff, to sustain the issues on his part, offered in evidence the judgment sued on. Defendant objected to the judgment as evidence, "because the petition on its face did not state facts sufficient to constitute a cause of action against defendant, and because said judgment, showing on its face that it was twenty years old, it was incompetent and immaterial and was barred by prescrip-

Cobb v. Houston.

tion and the Statute of Limitations, the presumption being that it had been paid." The objection was overruled and the judgment was read in evidence. This being all the evidence offered, the court rendered judgment for plaintiff for eleven hundred and sixteen dollars and ninety-four cents. After unsuccessful motions for new trial and in arrest of judgment, filed in due time, defendant appealed to this court.

1. Suit having been brought more than twenty years after the judgment sued on was rendered, the first question presented for consideration is whether or not it was barred by the Statute of Limitations, in force on the date the judgment was rendered. It is conceded by both parties that the twenty-year Statute of Limitations applies and that suit is barred unless the absence of the defendant from the State stopped the running of the statute. At the session of the Legislature (1856-7) an act entitled "Limitations," consisting of three articles, was passed and approved February 24, 1859 (Laws of 1856-7, p. 76). The first article deals exclusively with actions for the recovery of lands, tenements and hereditaments. The second article deals with personal actions, prescribing the time in which they may be brought after the right of action has accrued. The twelfth and last section of this article prescribes: "If, at any time, when any cause of action, specified in this article, accrues against any person . . . such person depart from, and reside out of this State, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." It is conceded that actions on judgments are not mentioned or included in this article. Article 3 of the act relates to the commencement of suits and the persons and cases exempt from the act. The sixteenth section of the third article reads as follows:

"Every judgment, order and decree of any court of record of the United States, or of this or any other State or Territory, shall be presumed to be paid and satisfied

after the expiration of twenty years from the day of the rendition of such judgment, or order, or decree; but in any suit in which the party against whom such judgment, order or decree, was rendered, or his heirs or personal representatives, shall be a party, such presumption may be repelled by proof of payment, or of written acknowledgment of indebtedness, made within twenty years, of some part of the amount recovered by such judgment, order or decree; in all other cases it shall be conclusive."

The act remained intact until the 1865-6 session of the Legislature, at which session a joint committee of the two houses was appointed to collate and classify the general laws of the State. The committee, in arranging and classifying the general laws, collated them under the headings of titles and chapters, in numerical order, doing away entirely with classification by articles. By this arrangement the three articles of the Act of 1856-7 are grouped in one chapter (Chap. 191, p. 744, General Laws of 1866). The sixteenth section of the chapter is the same as section 12, article 2, of the Act of 1856-7, with this exception: for the phrase "specified in this article," the words, "herein specified," are substituted. Section 31 of the chapter and section 16, of the third article of the Act of 1856-7, are identical. The substitution of the words "herein specified," in section 16, for the words, "specified in this article," in the original act make the section apply to the whole act, where as in the original act it only applied to actions enumerated under article 2 of the act. Actons on judgments are not among them. Defendant contends that the substitution was necessary to conform the wording of the section to the change of classification from articles to chapters, and that the law itself was not changed, and that the section only applies to the sections that were embraced in article 2, of the Act of February 24, 1857. It is the settled law that if a new enactment is carried *in ipsissimis verbis* into a revision of the general laws and placed in an article or chapter, in

which other sections are classed, that gives it an enlarged
or restricted meaning, if interpreted with reference to
such other sections, that it is not to be so interpreted,
but should be construed as disassociated with such other
sections. [Paddock v. Railroad, 155 Mo. 524, 56 S. W.
453.] If the new act creates an exception to the provis-
ions of other sections of the act and they with it, and
still other sections *in pari materia* are carried into the
revision under one title and chapter, and the terms of the
act are so changed as to make it apply to a section group-
ed with it, to which it did not originally apply, it seems to
us the act should be construed as a new amended section,
especially when to so construe it makes all the sections
under the one title harmonious and uniform; and we con-
clude that if the section in regard to the presumption of
payment of judgments, after the lapse of twenty years
from the date of their rendition, is a statute of limitation,
section 16 applies as well to it as to other sections of the
chapter, limiting the time in which suits may be brought
after right of action has accrued. On the second hearing
of the case and in additional briefs filed, defendant con-
tends that section 31, chapter 191, General Laws 1866,
is not a statute of limitation, but a statute creating an
artificial presumption and establishing a rule of evi-
dence by which the presumption may be repelled. In
his answer defendant expressly pleaded the section as a
statute of limitation, and denominated it a statute of
limitation, and the case was tried on the theory that the
statute limited the time in which a suit could be brought
on a judgment to twenty years from the date of its rendi-
tion; and that the statute also created a presumption
that the judgment was conclusively presumed to be paid
after the lapse of twenty years from its rendition. Where
a party tries a cause on a pleading filed by him, in which
he has made admissions against his interests, he is estop-
ped to contradict such admissions; and where he tries a
case upon a certain theory he cannot, on appeal, shift
his position and have his case determined upon a dif-

ferent theory. [Gayle v. Missouri Car & Foundry Co., 177 Mo. 427, 76 S. W. 978; Dice v. Hamilton, 178 Mo. 81, 77 S. W. 299; Meyer Bros. Drug Co. v. Bybee, 179 Mo. 354, 78 S. W. 579; Heman v. Larkin, 108 Mo. App. 392, 83 S. W. 1019; Krup v. Corley, 95 Mo. App. 640, 69 S. W. 609; MacDonald v. Tittman, 96 Mo. App. 536, 70 S. W. 502.]

In Manning v. Hogan, 26 Mo. l. c. 574 (decided after the enactment of the statute), the Supreme Court said: "It was useless legislation to declare that a judgment shall be presumed to be paid after the lapse of twenty years, if a period short of that time would bar an action on it." And in Meyer to the use v. Mehrhoff, 19 Mo. App. l. c. 684, this court said: "Suits upon judgments of courts of record are not barred by the statute before the expiration of twenty years."

Section 376, of the New York Code of Civil Procedure, after singling out final judgments rendered by certain courts for the payment of money, says a judgment "is presumed to be paid and satisfied, after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it. This presumption is conclusive, except as against a person who, within twenty years from that time, makes a payment or acknowledges an indebtedness of some part of the amount recovered by judgment or decree, or his heir or personal representative, or a person whom he otherwise represents. Such an acknowledgment must be in writing, and signed by the party to be charged thereby."

In Gray v. Seeber, 53 Hun l. c. 612, the court, speaking of this statute, said: "That a statute like the one under consideration, which creates an artificial and conclusive presumption of the payment and satisfaction of a debt, is, in effect, a statute of limitation, cannot, we think, be successfully denied. A statute which declares that a judgment shall be conclusively presumed to be paid and satisfied after the expiration of twenty years.

as effectually bars the remedy to enforce it, and as absolutely limits the time within which a recovery may be had thereon, as would a statute which provided that no action could be maintained thereon unless brought within that time;" quoting Judge WRIGHT as having said of a similar statute, in Morey v. Farmers' Loan and Trust Company, 14 N. Y. 308: "It is in effect, a statute of limitations merely;" and Judge EARL as having referred to the statute, in Diefenbach v. Roch, 21 N. Y. St. Rep. 573, as "a statute of limitation."

Independent of the statute suspending the running of the Statue of Limitations during the absence of the defendant from the State, the plaintiff's inability to successfully prosecute a suit on his judgment during the period of the defendant's absence, by necessity stopped the running of the statute of limitations at common law. [19 Am. & Eng. Ency. of Law, p. 215.]    In United States v. Wiley, 78 U. S. 508, there being no statute to fit the case, the court held that during the continuation of the rebellion (1861-5) its effect was to stop the running of the Statutes of Limitations in regard to claims against citizens residing in the rebellious states.    Judge STRONG, writing the opinion, at page 513, said: "It is the loss of the ability to sue rather than the loss of the right that stops the running of the statute."    The same learned judge in Braun v. Sauerwein, 77 U. S. l. c. 223, after reviewing many of the authorities, said: "It seems, therefore, to be established, that the running of a statute of limitation may be suspended by causes not mentioned in the statute itself."    In Amy v. Watertown, 130 U. S. l. c. 323-4, this language of Judge STRONG is quoted and pronounced "undoubtedly correct."

It is immaterial, therefore, for the purposes of this case, whether section 31, supra, is qualified or affected in any manner by section 16.    At common law the statute was suspended, independent of any statute on the subject, during the defendant's non-residence, and we

conclude that the action is not barred by the Statute of Limitations.

2. One of the grounds of objection to the judgment as evidence, assigned by defendant at the trial, was that more than twenty years having elapsed since its rendition, it was presumed to have been paid. This presumption was not rebutted by proof of payment or written acknowledgment of indebtedness, within twenty years, of some part of the amount recovered by the judgment, and if this character of evidence is the only means of repelling the presumption, the objection to the admission of the judgment as evidence should have been sustained. Plaintiff's contention is, that the presumption did not arise if the suit was not barred by the Statute of Limitations; that the Statute of Limitations and the presumption of payment traveled hand in hand, and as the non-residence of the defendant stopped the running of the Statute of Limitations, it also rebutted the presumtion of payment. At common law, the absence of a judgment debtor from the State in which the judgment was rendered, was, in some cases, held to be circumstance only to be weighed with other evidence in determining whether or not the presumption of payment from lapse of time was rebutted, but held not of itself sufficient to repel the presumption. Alston v. Hawkins, 105 N. C. 3; Cox v. Brower, 114 N. C. 422; Kline v. Kline, 20 Pa. St. 1. c. 508; Beekman v. Hamlin, 19 Oregon 383, and Miller v. Smith, 16 Wend. l. c. 312, are cases in point.

In Latimer v. Trowbridge, 52 S. C. 193, decided on a statute much like section 31, it was held that the time during which a defendant was absent from the State should be deducted, as required by statute, to have an action on judgment and, by analogy, the same rule applies to the presumption of payment from lapse of time.

In Daggett v. Tallman, 8 Conn. 168, it was held that the absence of defendant from the State repelled the presumption of payment.

In Pennsylvania the operation of the Statute of

Limitations was suspended from January, 1776, to January 24, 1784, presumably, on account of the Revolutionary War then going on.

In Penrose v. King, 1 Yeates (Pa.) 344, the court held that the presumption of payment from lapse of time should also be suspended. A like ruling under like conditions was made in Tunstall's Admr. v. Withers, 86 Va. 892, and in Dunlop v. Ball, 6 U. S. 180, in which Chief Justice MARSHALL said: "The principle, upon which the presumption of payment arises from the lapse of time, is a reasonable principle, and may be rebutted by any facts which destroy the reason of the rule," and held that the disability of the plaintiff to sue was sufficient reason to repel the presumption of payment.

In Newman v. Newman, 1 Stark. 101, the defendant, after contracting a debt in England, became a resident of America. Lord Ellenborough was of the opinion that there was no ground for the presumption of payment, since it appeared the debt was unpaid when the defendant removed to America. This case is cited and followed in McLellan v. Crofton, 6 Me. 1. c. 334.

The cases construing our statute and the New York statute, declaring what evidence shall be received to rebut the presumption, take a different view on account of the statute. Thus, in Fisher v. Mayor, 67 N. Y. 73, at page 80, it is said, in regard to the statute of New York, noted above, that the presumption can only be repelled in the manner prescribed by the statute, that is by partial payment, or written acknowledgment that the debt or a part of it is not paid; that the presumption "is conclusive unless rebutted in one of the two ways mentioned."

In Gaines v. Miller, 111 U. S. 395, construing section 31, supra, the court said: "This presumption (the presumption of payment after the lapse of twenty years) is a rule of evidence and not a limitation, and is not subject to the exceptions and incidents of an act of limittion."

In Chiles v. School District of Buckner, 103 Mo. App. l. c. 244, the Kansas City Court of Appeals, following the Gaines case, said: "This section (31) of the statute prescribes no limit for instituting an action on a judgment of a court of record, but merely declares that the legal presumption of payment of such judgment shall arise after the expiration of twenty years," and further, "is not subject to the exceptions and incidents of an act of limitation."

In Cape Girardeau County v. Harbison, 58 Mo. 90, in discussing the dissimilarity between presumption of payment from lapse of time and the defense of the Statute of Limitations, the court, at page 95, said:

"There is no sort of propriety in confounding the Statute of Limitations with the presumption of payment arising from lapse of time. As defenses, the two are wholly distinct in their applications and incidents. When the statute affects a right of action, it operates simply a blight, as it were, upon its recoverable energy. It matters not in the least whether the demand has been previously paid or not, the statute destroys forever, upon the last day of the allotted period, its validity in the court of justice. Hence, if there be not a new contract in the promise or acknowledgment upon which the creditor relies, he has still nothing to stand upon. But in the other defense, the fact of payment, real or supposed, is the only matter to be considered. The law first presumes payment. An acknowledgment by the debtor merely removes this presumption by furnishing evidence to prove that the debt has not been paid. There is no new contract, express or implied. The recovery must be upon the original demand or nothing."

The suit was to foreclose a mortgage which had matured more than ten years before the commencement of the action. The ten-year Statute of Limitations was interposed as a defense. The court held that while the debt might be barred, the mortgage, which was not subject to any statute of limitations, was not; and held,

further, that while certain written acknowledgements in evidence, that the debt had not been paid, were insufficient to take the case out of the Statute of Limitations, they might be sufficient to repel the presumption of payment, and thus accomplish all that plaintiff required for a recovery. The case is authority for the proposition that the presumption of payment of a promissory note, secured by a mortgage, from lapse of time might be overcome by a written acknowledgment of the mortgagor that the debt was unpaid, that would be insufficient to establish a new contract to pay the debt and thus take the case out of the Statute of Limitations; and also, that by rebutting the presumption of payment of the note from lapse of time, the defense, by the mortgagor or his grantor, of ten years' possession of the mortgaged lands, adverse to the mortgagee, might be overthrown.

The first clause of the statute (section 31) is declaratory of the common law rule, that a judgment is presumed to be paid in twenty years from the date of its rendition. This presumption at common law might be rebutted by any cogent proof that it had not in fact been paid. The second clause of the statute changes this rule, both in respect to the character and quantum of proof required to remove the presumption, by pointing out with definiteness and certainty the only evidence that can be received to rebut the presumption, and hence enacts an inflexible rule of evidence, which is binding upon the courts and forces us to the conclusion that, while the defendant's absence from the State created such an impediment at common law to the bringing of a suit as to arrest the operation of the Statute of Limitations, such absence was not sufficient, under the statute, to repel the presumption of payment, and that the judgment, until this presumption is removed by one of the ways pointed out by the statute, is not even prima facie evidence of an indebtedness and should have been excluded. [Idler v. Borgmeyer, 65 Fed. l. c. 926.]

117 App.—42

The judgment is reversed and the cause remanded. All concur.