Good v. Kleinhammer.

No. 26,906.

JOSIAH GOOD et al., *Appellees,* v. SAM KLEINHAMMER et al.,
*Appellants.*

SYLLABUS BY THE COURT.

1. LIMITATIONS OF ACTIONS—*Computation of Statutory Period—Commencement of Action Upon Foreign Judgment.* Where an action was commenced in Kansas upon a Missouri judgment within ten years of the time of its rendition, and where the judgment debtor had resided in Kansas less than five years prior to its commencement, such action was properly maintainable and subject to prosecution to final conclusion in Kansas, notwithstanding the fact that *after* the commencement of such action but *before* defendants were required to answer, the judgment had become dormant in Missouri by lapse of the ten-year limitation of the Missouri code.

2. SAME—*What Law Governs—Lex Fori.* Since section 21 of the civil code did not apply, the time limitation was governed by *lex fori* and not by Missouri law.

Appeal from Marion district court; CASSIUS M. CLARK, judge. Opinion filed December 11, 1926. Affirmed.

*R. L. King* and *Roscoe King,* both of Marion, for the appellants.

*D. W. Wheeler,* of Marion, for the appellees.

The opinion of the court was delivered by

DAWSON, J.:   This was an action in the district court of Marion county, Kansas, to recover on a judgment entered in behalf of plaintiffs against defendants in the circuit court of Jackson county, Missouri.

This action was begun on January 12, 1925. The Missouri judgment had been entered on January 19, 1915, lacking only a week of the ten years' time limit when such judgment became barred, dormant, and presumptively paid by the provisions of a Missouri statute to that effect.

Defendants' demurrer to plaintiffs' petition was overruled, and they answered, setting up pertinent Missouri statutes and pleading that *at the time defendants' answer was filed—*

"That said judgment is now dead and has no force or effect under said statutes of Missouri as the same have been interpreted by the courts of Missouri, and that no action could be maintained thereon under the statutes of Missouri and no process could now be issued thereon under the laws of the

Judgments, 34 C. J. pp. 1109 n. 36, 1110 n. 46. Limitations of Actions, 17 R. C. L. 700, 702.

state of Missouri, and under said laws the plaintiffs are barred from enforcing said judgment and this court under the statutes and laws of Missouri is barred from enforcing said judgment and barred from maintaining this action and has no jurisdiction or authority in law to maintain this action or to render any judgments herein upon said judgment in favor of the plaintiffs and against these defendants."

The evidence adduced by the litigants, subject to questions of competency, consisted of an authenticated copy of the Missouri judgment, and certain excerpts from Missouri statutes and decisions of the supreme and appellate courts of that state. The litigants stipulated that from January 19, 1915, until December 15, 1921, defendants were continuously out of the *state of Kansas*, and that they had continuously resided in Kansas since that latter date.

Jury waived; trial by the court; judgment for plaintiffs; appeal.

Under the usual specifications of error, defendants press upon our attention certain propositions of law, either of which according to their view requires a reversal of this judgment, viz.:

"First, the judgment sued on became finally dormant after the commencement of this action and before the defendants were required to answer and [such] . . . dormancy is a bar to plaintiff's recovery.

"Second, that under the Missouri statutes relating to judgments after ten years which had fully run destroyed plaintiff's right of action on the judgment sued on.

"Third, the judgment sued on is under the Missouri statute conclusively presumed to be paid."

By the law of Missouri, execution may issue on a judgment at any time within ten years after its rendition (1 R. S. Mo. [1919] § 1564); and judgments are presumed to have been paid and satisfied after the expiration of ten years from the date of their original rendition; and unless timely revived, no execution, order or process can be issued thereon, "nor shall any suit be brought, had or maintained thereon for any purpose whatever." (1 R. S. Mo. [1919] § 1341.) To keep a judgment alive in Missouri (subject to exceptions not here pertinent) *scire facias* must be sued out at some time *within* the ten-year period, and after the expiration of ten years from the rendition of the judgment no *scire facias* shall issue. (1 R. S. Mo. [1919] § 1557.)

Among the Missouri decisions called to the trial court's attention, and to ours, to show the application of these statutes, were *Cobb v. Houston,* 117 Mo. App. 645; *Davis v. Carp,* 258 Mo. 686; *Kansas City v. Field,* 270 Mo. 500. We have read these cases. *Cobb v.*

*Houston* holds that while absence from the state suspends the operation of the statute of limitations, it has no effect upon the statutory presumption of payment after the lapse of twenty years (now ten years) from its rendition. *Kansas City v. Field,* supra, so far as we are presently concerned, was merely a judicial application of the statutory rule that execution cannot issue on a ten-year-old judgment which had not been revived within that period. *Davis v. Carp,* supra, like *Cobb v. Houston,* supra, held that a judgment over ten years old was presumably paid, and since the alleged nonresidence, absconding and concealment of the judgment debtor relied on by appellant to toll the statute was not established, the legal proposition involved in the case at bar was not decided.

*Vide* the interesting situation which developed in the enforcement of a Kansas judgment in Missouri, *Berkley v. Tootle,* 163 Mo. 585, contemporaneously with *Berkley v. Tootle,* 62 Kan. 701, 64 Pac. 620.

But more particularly helpful in the solution of our present problem was *St. Francis Mill Co. v. Sugg,* 169 Mo. 130, which had been the subject of litigation over a long period of years; and, while complicated in its details, it was essentially a suit founded on certain judgments. The statutory presumption of payment of judgments over twenty years old was invoked. The court said:

"Appellants also contend that the judgments on which this suit is founded are now more than twenty years old and are conclusively presumed to be paid. (R. S. 1899, secs. 3722 and 4297.) The judgments on which the plaintiffs base their suit were rendered in 1871, 1872 and 1873, and this suit was begun in 1875. For the purposes of this suit the statute of limitations ceased to run in 1875, and the time covered by the pending of the suit is not to be taken into account either to create a bar by limitation or to raise a presumption of payment." (p. 136.)

The pertinent section of the syllabus reads:

"The time covered by the pending of a suit to set aside a deed as being fraudulent of the rights of the grantor's creditors, is not to be taken into account either to create a bar by limitation to such suit, or to raise a presumption that the judgment in favor of the creditors on which the suit is founded is paid." (§ 4.)

This Missouri doctrine is in accord with our own decisions, which hold that statutes of limitation, including in that term statutes making judgments dormant after the lapse of a specified time without execution, do not run against a judgment during any portion of the time an appropriate judicial proceeding is pending to enforce it. (*Kothman v. Skaggs,* 29 Kan. 5; *Steffens v. Gurney,* 61 Kan. 292,

syl. ¶ 4, 59 Pac. 725; *Treat v. Wilson,* 65 Kan. 729, 70 Pac. 893; *Bank v. Edwards,* 84 Kan. 495, syl. ¶ 1, 115 Pac. 118; *McLain v. Parker,* 88 Kan. 717, 722, 129 Pac. 1140.)

This Missouri case accords also with what appears to be the prevailing rule. (*Davis v. Foley,* 60 Okla. 87, L. R. A. 1917A, 187, and note.) Defendant quotes an excerpt from *Newell v. Dart,* 28 Minn. 248, which holds that the commencement and pendency of an action in the nature of a creditor's bill within the ten-year period of the Minnesota statute of limitation to reach property not subject to execution will not operate to continue the life of a judgment beyond that period. Neither the case nor the rule there stated is quite in point; but in *Sandwich Manuf'g Co. v. Earl,* 56 Minn. 390, it was squarely held:

"Where an action is commenced upon a judgment within ten years from the time of its rendition, it may be maintained and completed after the expiration of such ten years." (Syl. 3.)

This rule is cited with approval in *Gaines v. Grunewald,* 102 Minn. 245, 247, and harmonizes with Kansas law as laid down in *Treat v. Wilson,* supra, and our own cases above cited. In *Treat v. Wilson,* also, the cases of *Reeves v. Long,* 63 Kan. 700, 66 Pac. 1030, and *Smalley v. Bowling,* 64 Kan. 818, 68 Pac. 630, pressed upon our attention by defendant, are discussed, and Mr. Justice Pollock, speaking for the court, makes it plain that neither of those cases is pertinent here.

It seems also that the law of Missouri accords with ours on the related proposition that (subject to Civ. Code, § 21) a cause of action arising in a foreign jurisdiction is governed by the limitation prescribed by the law of the forum. (*Miller v. Connor,* 177 Mo. App. 630. See *Bauserman v. Charlott,* 46 Kan. 480, 26 Pac. 1051; *Rice v. Moore,* 48 Kan. 590, 30 Pac. 10; *Nickel v. Vogel,* 76 Kan. 625, 635, syl. ¶ 2, 92 Pac. 1105; *Perry v. Robertson,* 96 Kan. 96, 150 Pac. 223; *Hornick v. Catholic Slovak Union,* 115 Kan. 597, and citations, 224 Pac. 486; 34 C. J. 1109.)

When this action was begun in Marion county, Kansas, the ten-year limitation governing Missouri judgments still had one week to run. Therefore the cause of action was then alive, and commencement of this action within time saved the cause of action from the operation of the statute of limitation, whether that of Missouri or Kansas be applied, and the judgment of the trial court was correct.

Affirmed.