may be compelled to exhaust the fund not accessible to the creditor to whom only one fund is open before he resorts to the other fund. After such exhaustion he is then permitted to resort to the other fund equally with the other creditor. This principle does not depend upon any priority of lien or right recognized in law or equity, but exists in the absence of it. The debts may consist of several promises only, and be equally good against the fund subject to both, but the accident of one of the debts being good also against another fund, raises the equity of confining that debt in the first instance to that fund. I will not pretend to say under what circumstances this equity could be applied as between partnership and individual creditors, for the reason that no such case is presented in this record, there being only one and not two funds, out of which payment is to be made.

Having reached the conclusion that there is no priority in favor of the plaintiff's note, it is unnecessary to consider whether the language of the deed of trust relating to the application of the proceeds thereof would be sufficient to displace or control such priority. *Wilcox v. Todd*, 64 Mo. 388.

As the record is without error, the judgment should be affirmed, and it is so ordered. All concur.

---

MEYER, *Appellant*, v. ROSENBLATT.

**Taxes**: INJUNCTION AGAINST COLLECTION. A petition to restrain the collection of taxes on the ground of excessive valuation showed that the plaintiff, believing all his property to be exempt from taxation, delivered no list to the assessor; but it did not show that the assessor failed to demand a list. *Held*, that it stated no ground for relief.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*I. T. Wise* for appellant.

*Leverett Bell* for respondent.

HENRY, J.—This is a proceeding commenced in the circuit court of St. Louis to restrain defendant, as collector of the city, from selling plaintiff's personal property for taxes assessed against him. The allegations in the petition are, that plaintiff never owned the property on which the taxes were levied, and that the valuation of the property was excessive, that he never delivered to the assessor a list of his property, consisting of household furniture only, believing it to be exempt from taxation. At the trial the circuit court held that the petition stated no case for the relief demanded, dismissed the bill and rendered a judgment for the defendant, which was affirmed by the court of appeals, and plaintiff has appealed to this court.

Whether the collection of taxes illegally levied can be enjoined, a question discussed in briefs of counsel, is not presented by this record. The petition contains no allegation to the effect that the property was illegally assessed or taxed. For an excessive valuation, or a levy of taxes upon property not owned by the party complaining, he has his legal remedy by appeal to the tribunal provided by law to correct such errors. The petition in this case alleges that plaintiff never delivered to the assessor a list of his taxable property, but does not allege that it was not demanded by that officer, and the allegation that plaintiff did not deliver it, is not inconsistent with the facts that the assessor demanded and plaintiff refused or neglected to furnish his list. The law under such circumstances authorizes that officer to ascertain, as he best may, the taxable property owned by the party, and place it upon his book for taxation, and from

such, as from other assessments, the tax-payer has his appeal. Neglecting to avail himself of that remedy, he can-not resort to equity to enjoin the collection of the taxes. If this were permitted, the usefulness of the board of equalization or appeals would be destroyed, collectors would be hampered and hindered in the collection of the revenue, and the finances of the municipality thrown into inextricable confusion. This ought not to be tolerated, while an appeal to the board of equalization or appeals, furnishes an ample remedy for complaints of this character, which may be heard and determined in time for the body which levies the taxes, to ascertain upon what property and values they shall be imposed.

With the concurrence of all the judges the judgment is affirmed.

---

CRAWFORD, *Plaintiff in Error*, v. ELLIOTT.

1. **Contracts, Construction of.** A contract which is not precise in its terms must be construed in the light of the facts and circumstances surrounding the subject matter it embraces.

2. **Case Adjudged.** A contract was made for the sale of the sound and dry corn in two cribs at a price seventeen cents below that of "No. 2 mixed corn" in St. Louis. It was provided that the corn should be kept dry so that shellers should have no trouble to keep the damaged separate from the dry and sound. Both parties knew that some was then damp. The seller reserved such as was damaged, and the purchaser agreed to shell and carry off the corn purchased at his own expense. In shelling the purchaser failed to separate the damp from the dry, and in consequence, some of the corn received in St. Louis did not grade "No. 2 mixed." *Held,* upon consideration of all the circumstances, that while the purchaser was not bound to take damaged corn, yet if he took it he was bound to pay for it at the price stipulated.

*Error to Pettis Circuit Court.*—HON. WM. T. WOOD, Judge.

REVERSED.