GOTTLIEB EYERMANN, JR., et al., Appellants, v. SALLIE A. E. STEVENS et al., Respondents.

St. Louis Court of Appeals, November 3, 1914.

1. **SPECIAL TAXBILLS: Charter of St. Louis: Interest.** Section 25 of Article VI of the Charter of the city of St. Louis provides that special tax bills for public improvements shall be payable in certain installments, and that the owners, or other interested persons, may pay any such tax bill in full at any time within thirty days after notice of its issuance, without interest, and may pay it in full at any time, by paying interest thereon as follows: If paid at or before maturity, and more than thirty days after notice, at the rate of six per cent per annum from date of notice to date of payment; if paid after maturity, at the rate of six per cent per annum from date of notice to date of maturity and at the rate of eight per cent per annum from date of maturity to date of payment. It further provides that all interest shall be payable annually from date of notice and that if any installment or interest thereon be not paid when due, then, at the option of the holder, all re-

.maining installments shall become due, "together with interest thereon as aforesaid." *Held,* .that the date of maturity of the installment from which increased interest at the rate of eight per cent per annum is to be charged is the date originally fixed for payment of such installment, and not the date of the exercise of the holder's option to declare all installments due on default in the payment of one.

2. ————: ————: Penal Provisions: Strict Construction. Article VI, Section 25, of the Charter of the city of St. Louis, providing that special tax bills for public improvements, if paid at maturity, shall bear interest at the rate of six per cent per annum, but if paid after maturity, shall bear interest at the rate of six per cent per annum from date of notice to date of maturity and at the rate of eight per cent per annum from date of maturity to date of payment, inflicts a penalty, by way .of increased interest, for nonpayment of special tax bills before maturity, and hence should be strictly construed.

3. MUNICIPAL CORPORATIONS: Charters: Penal Provisions: Strict Construction. A provision in a municipal charter, providing for the infliction of a penalty, should be strictly construed.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen,* Judge.

AFFIRMED.

*M. W. Feuerbacher* for appellants.

(1) In the case of notes secured by deed of trust containing the provision for the acceleration of the maturity of the debt at the option of the holder in case of default in the payment of an installment of interest when due, no particular form of option is necessary to be used for the purpose of declaring the maturity of the whole indebtedness. The formation of an intention in the mind of the person by whom the option is to be exercised, accompanied by any affirmative act or declaration evincing such determination, will be sufficient. Black on Mortgages, page 442, sec. 373; Brown v. McKay, 151 Ill. 315; Lauterjung v. Chicago T. & T. Co., 156 Ill. App. 624; Thulin v. Anderson, 154 Ill. App.

41; Brockway v. McClun, 148 Ill. App. 465; Swearingen v. Lahner, 26 L. R. A. 765; San Gabriel Valley Bank v. Lake View Town Co., 86 Pac. 727. (2) When a note calls for an increase in the rate of interest after its maturity and contains also a provision permitting the holder thereof at his option to consider the whole debt due and collectible upon default of payment of an installment of interest when due, the increased rate of interest provided may be charged from the date of the exercise of the option by the holder declaring the whole debt due. Mortgage Trust Co. v. Bach, 69 Kan. 749; Ohio Inv. Co. v. Brown, 89 Kan. 66.

*William Hilkerbaumer* for respondents.

(1) The appellant failed to prove that they exercised their option on June 27, 1910, as alleged. (2) The increased interest rate provided for in the charter upon default is in the nature of a penalty, and such provision must be strictly construed. Granite Paving Co. v. Parkview, 168 Mo. App. 482; Barber Asphalt Co. v. Field, 134 Mo. App. 669; Paving Co. v. Peck, 186 Mo. 519; Seaboard Bank v. Woeston, 176 Mo. 60; Dillon, Mun. Corp. (5 Ed.), sec. 1468; 36 Cyc. 1172. (3) The increased interest rate upon maturity refers to a maturity fixed by the charter in due course of time, and not to a declared maturity on default in the payment of an installment. Cloud v. Rivord, 6 Wash. 555; Sheldon v. Barlow, 108 Mich. 375.

ALLEN, J.—This is a suit to enforce the lien of a special tax bill, for street construction, against certain real property in the city of St. Louis. The tax bill was issued on May 13, 1910, and was divided into six installments, in accordance with the provisions of section 25, article VI, of the charter of the city of St. Louis, adopted in 1876, and in force at the time. The first installment was for the sum of $26.21, and the remain-

ing five installments each for the sum of $26.17, making a total of $157.06. On May 28, 1910, notice of the issuance of said bill was served upon defendant Sallie A. E. Stevens, the owner of the property in question, by the marshal of said city.

On May 29, 1911, the first two installments being then due and unpaid, an agent of the defendant owner of the property called at the bank at which the bill had been placed by plaintiffs for collection, for the purpose of paying the full amount thereof with accrued interest thereon to that date, and tendered the sum of $167.10 for such purpose. The bank, acting as plaintiffs' agent, refused this tender and demanded the sum of $169.42, upon the theory that upon default in the payment of the first installment all of the remaining installments at once began to bear interest at the rate of eight per cent per annum. The defendant property owner declined to pay more than the amount of her tender, and this suit was instituted to enforce the lien of the tax bill. The defendants by their answer again tendered plaintiffs the said sum of $167.10, and paid the same into court for plaintiffs.

The cause was tried before the court without a jury, resulting in a judgment for the defendants, from which the plaintiffs prosecute this appeal.

The controversy relates to the construction to be placed upon that portion of section 25, article VI, of the aforesaid charter of the city of St. Louis, concerning taxbills payable in installments, the pertinent provisions of which are as follows:

"Provided, however, that every special taxbill authorized by this Charter to be levied or assessed for the construction or reconstruction of streets, avenues, highways, boulevards or district or joint district sewers, shall be divided into not less than three, nor more than seven, equal parts, as may be provided by the ordinance authorizing such improvements, payable and collectible in installments as follows: The first install-

ment shall become due and payable thirty days after notice of the issuance thereof, without interest; the second installment shall become due and payable one year after such notice; the third installment, two years; the fourth installment, three years; the fifth installment four years; the sixth installment, five years; and the seventh installment, six years, after such notice: provided, however, that the owner, or any person having an interest in the property charged with a taxbill may pay the same in full at any time within thirty days after notice as aforesaid, without interest, and such owner or person having an interest may pay such taxbills in full at any time by paying interest thereon as follows: If paid at or before maturity and more than thirty days after notice, as aforesaid, at the rate of six per cent per annum from date of notice to date of payment; if paid after maturity, at the rate of six per cent per annum from date of notice to date of maturity, and at the rate of eight per cent per annum from date of maturity to date of payment. All interest shall be payable annually from date of notice of the issuance of taxbills. If any installment of any such special taxbills, or any interest on any installment, be not paid when due, then, at the option of the holder thereof, all remaining installments shall become due and collectible, together with interest thereon as aforesaid.''

Under the Charter, the first installment of the taxbill in question became due and payable thirty days after the service upon the owner of the notice of the issuance thereof. As the notice was served May 28, 1910, the first installment became due and payable June 27, 1910. The remaining installments became due and payable one, two, three, four and five years respectively after the service of such notice. Therefore, on May 29, 1911, the first two installments were due and payable, according to the said charter provisions.

The position of respondents is that each of the two installments then past maturity bore interest at the rate of six per cent from the date of notice of the issuance of the taxbill to the date of maturity as fixed by the charter provisions, and at the rate of eight per cent from the date of such maturity to the date of the tender; and that the remaining installments bore interest at the rate of six per cent from the date of the notice to date of tender—that is to say, that the first installment bore interest at the rate of six per cent for the period of thirty days from May 28, 1910, to June 27, 1910, and at the rate of eight per cent thereafter to May 29, 1911; that the second installment bore interest at the rate of six per cent from May 28, 1910, to May 28, 1911, and at the rate of eight per cent for the remaining one day from May 28, 1910, to May 29, 1910; and that the remaining installments bore interest at the rate of six per cent from May 28, 1910 to May 29, 1911.

On the other hand, the contention of appellants is that on June 27, 1910, being thirty days after service of the notice, and hence the date of maturity of the first installment, all of the remaining installments became due and payable, by reason, as it is said, of the exercise of the option on appellants' part to declare all remaining installments due; and that therefore June 27, 1910, became the date of maturity of all the remaining installments of the taxbill, within the meaning of the aforesaid charter provisions. And appellants therefore contend that the entire amount of the taxbill, to-wit, $157.06, bore interest at the rate of six per cent for the period of thirty days from May 28, 1910, to June 27, 1910, and eight per cent thereafter to the date of the tender.

It appears that appellants took no steps to notify the property owner in any way of the alleged exercise of the option to declare all remaining installments due and collectible upon the failure of the respondent prop-

erty owner to pay the first installment when due. It is said that appellants notified the bank, at which the taxbill had been placed for collection, that, in the event the first installment was not paid, the entire bill should be regarded as due and collectible, and interest charged accordingly. Appellants contend that this was sufficient to show an intention on their part to exercise the option given them by the Charter to declare all remaining installments due. But in the view which we take of the charter provisions in question, the exercise of such option has naught to do with the rate of interest which any installment may bear.

The language of this section of the Charter we think is quite clear and unmistakable in its meaning, with reference to the interest which may be charged upon such installments. It is provided that if any installment be paid at or before maturity, and more than thirty days after notice, it is to bear interest at the rate of six per cent per annum from the date of notice to the date of payment; and that if any installment be paid after maturity, it is to bear interest at the rate of six per cent per annum from the date of notice to the date of maturity, and at the rate of eight per cent per annum from the date of maturity to the date of payment. It appears too clear to leave room for dispute that by the word "maturity," as thus used, is meant the time when an installment shall become due and payable as fixed by the preceding language of the section. The latter provides that the first installment shall become due and payable thirty days after notice of the issuance thereof, and that the remaining installments shall become due and payable in one, two, three, four and five years respectively after such notice.

Though it is provided that in case any installment, or any interest thereupon, be not paid when due, all of the remaining installments shall become due and collectible at the option of the holder, it does not appear that this was intended in anywise to affect the rate of

interest lawfully chargeable upon the various install-
ments. The language is, that "all remaining install-
ments shall become due and collectible, *together with
interest thereon as aforesaid.*" (Italics ours.) From
this it is to be inferred that, though the holder, by rea-
son of default, may become entitled to enforce the en-
tire taxbill, the interest is to be computed with refer-
ence to the time of maturity of the various install-
ments, in regular course as fixed by the charter provi-
sions, and not that the holder may fix a date of ma-
turity for the computation of interest by merely de-
claring all remaining installments due and payable. In
fact, it seems quite clear that the option, in case of
default, to declare all remaining installments due was
not intended to permit the holder of such a taxbill to
obtain an increased rate of interest upon deferred in-
stallments, but was designed merely to enable such
holder, if he so desire, to at once institute suit to
enforce the lien of the entire bill, instead of waiting un-
til the maturity of the last installment. It does not ap-
pear to have been the intention of the framers of the
Charter to provide that, upon default by the property
owner as to any installment, he should be required to
pay interest at an increased rate upon installments not
then due. Had such been intended it would indeed
have been easy to express such intention in plain, un-
equivocal language.

We think there can be no doubt as to the mean-
ing of these provisions of the Charter, but should any
doubt inhere in the question, we think it may be read-
ily dispelled by bearing in mind that such increased
interest as appellants are claiming is "penal interest,"
and is regarded as a penalty inflicted for the default.
[See Paving Co. v. Realty Co., 168 Mo. App. 1. c. 482,
151 S. W. 479; Paving Co. v. Field, 134 Mo. App. 1. c.
669, 111 S. W. 907, and authorities cited.] This being
true, a strict construction must be placed upon the
charter provisions in question, when the courts are

asked to enforce such penalty. And we think it altogether clear that such construction would leave no ground for appellants' contention.

The tender made plaintiffs included all of the interest then due and payable, computed in accordance with the views expressed above. We are therefor of the opinion that the learned trial judge properly found the issues in favor of the defendants. The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.