THE STATE EX REL. J. G. HAWKEN, COLLECTOR OF REVENUE OF CITY OF KIRKWOOD, v. GEORGE LOCKETT EDWARDS, Appellant.

Division Two, June 25, 1926.

**1. CITY TAXES: Personal Property: Limitations.** Suit to collect taxes alleged to be due a city on personal property is by statute (Sec. 12932, R. S. 1919) barred in five years after they become delinquent, and they become delinquent on the first day of January next succeeding the year for which they were levied, unless sooner paid.

**2. ————: Prima-Facie Proof: Tax Bill.** A tax bill showing the assessed valuation of the defendant's personal property, stating the different items

315 Mo.—14.

of the tax sued for, interest, penalties and costs, and the total of all such items, and certified by the collector, is prima-facie evidence that the amount so named therein is just and correct, and is itself comprehensive enough to include the correctness of the assessment and of all proceedings necessary to the right of the city to recover, and alone entitles the city to judgment, unless the defendant shows that the person who certified it was not in fact the collector authorized to certify tax bills, or that it is afflicted with some other pregnant infirmity which deprives it of its prima-facie character and denies to the city the right to introduce it in evidence.

3. ———: **Tax Bill: Certification: Collector: Capacity to Sue: Waiver.** An objection that plaintiff has no capacity to sue, if such incapacity appears on the face of the petition, must be raised by demurrer; if it does not so appear, it must be raised by answer; if raised in neither way, it is waived. Where suit for delinquent city taxes is brought by the State at the relation of a person alleged to be the Collector of the Revenue of the city, and the defendant does not either by demurrer or answer object that such relator has no capacity to sue, and the tax bill, certified by relator, is offered in evidence and admitted without objection, defendant will not thereafter be heard to object that there was no proof that said relator was in fact the collector authorized to certify the tax bill.

4. ———: ———: ———: **Admitted Validity.** A statement by defendant, at the time the tax bill was offered, that it was not disputed that it was signed by whoever was required to certify a bill of the kind, was of itself sufficient to satisfy the objection that there was no proof that the person who had signed it as collector was in fact the collector authorized to certify it.

5. ———: **Attorney: Authority to Sue: Objection after Judgment: Presumption.** It will be presumed that the trial court knew that the lawyer who signed the petition in the suit for city taxes was a duly licensed lawyer, and his authority to bring the suit will be presumed unless directly challenged in an appropriate way; and an objection that there was no proof that he had been duly appointed attorney, employed by the collector and the county court to bring the suit, cannot be entertained after judgment.

6. ———: **Assessment: Excessive Valuation: Tax Bill.** The failure of a property owner to return his property for taxation authorizes the assessor to fix a valuation, and a filing of the assessment book with the county clerk imparts general notice of its contents, and the statute authorizes the aggrieved owner to appeal from an overvaluation, and if he fails to avail himself of this statutory remedy he cannot complain of an excessive assessment when he is sued for the taxes, nor can he by parole testimony impeach the tax bill as showing an arbitrary assessment, but the tax bill is itself prima-facie evidence that the assessor did his duty.

7. ———: ———: **Subsequent Reduction: Setting Aside Judgment.** The trial court does not abuse its discretion in refusing, after a motion for a new trial is overruled, to set aside its judgment on any ground that has arisen since it was rendered; it does not abuse its discretion in refusing to set aside a judgment for personal taxes on the ground that, since it was rendered, the county court had reduced the assessment; but plainly, if defendant has any remedy, because of an excessive assessment, it is by way of compromising the judgment with the county court.

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 2824, p. 839, n. 27. **Attorney and Client,** 6 C. J., Section 128, p. 631, n. 76; Section 133, p. 635, n. 10. **Judgments,** 34 C. J., Section 580, p. 365, n. 67. **Pleading,** 31 Cyc., p. 737, n. 1. **Taxation,** 37 Cyc., p. 996, n. 50; p. 1064, n. 76; p. 1248, n. 95; p. 1253, n. 37.

Appeal from Circuit Court of St. Louis County.—Hon. John W. McElhinney, Judge.

AFFIRMED.

*George L. Edwards, pro se.*

(1)   While the tax bill offered in evidence makes a prima-facie case for the plaintiff "that the amount claimed in said suit is just and correct," it does not relieve the plaintiff from proving other allegations in his petition essential to his right to recover.   Among these other allegations are:   "That J. G. Hawken, the relator, is the duly elected and legally qualified and acting collector of the revenue of said city;" and "Plaintiff further states that the said relator and the attorney bringing this suit have agreed in writing with the approval of the mayor of said city that said attorney shall receive an attorney's fee of ten per centum on the amount of said taxes and interest, which may be collected, to be taxed as costs in this suit."   The plaintiff made no attempt even by his evidence to support either of these essential allegations.   Secs. 8446, 12932, 12944, R. S. 1919; Laws 1921, p. 676; State ex rel. v. Seahorn, 139 Mo. 582; State ex rel. v. Edwards, 162 Mo. 660; State ex rel. v. Dungan, 265 Mo. 353.   (2) The county court had the right to vacate the erroneous assessment made against the defendant here complained of, based upon which said tax bill was issued, upon application to that court to do so as per application of defendant to that court, and the order of said court sustaining said application, attached to defendant's motion to set aside the submission, finding and judgment in this case.   Sec. 12817, R. S. 1919; State ex rel. v. Dungan, 265 Mo. 353.

*Henry Higginbotham* for respondent.

(1)   The assessment book and tax book are public records, and as such are open to the inspection of all persons, and they impart notice to everbody interested of their contents.   State ex rel v. Dungan, 265 Mo. 369; State ex rel. v. Stamm, 165 Mo. 81; State ex rel. v. Reed, 159 Mo. 85; State ex rel. v. Fullerton, 143 Mo. 682, Fleckenstein v. Baxter, 114 Mo. 493; Bonaparte v. State, 63 Md. 465. (2)   In fixing the value of property assessed the assessor acts *quasi-*judicially or judicially.   State ex rel. v. Casey, 210 Mo. 235; State ex rel. v. Hoyt, 123 Mo. 348; State ex rel. v. Cummings, 151 Mo. 49; State ex rel. v. Dungan, 265 Mo. 353: In re Sanford, 236 Mo. 665. (3)   An appeal to the board of equalization is the only remedy for an alleged excessive valuation by an assessor.   Meyer v. Rosenblatt, 78 Mo. 495; Deane v. Todd, 22 Mo. 90; Town of Potosi v. Casey, 27 Mo. 372; State ex rel. v. Bank of Neosho, 120 Mo. 161; State ex rel. v. Hoyt, 123 Mo. 348; National Bank of Unionville v. Staats, 155 Mo. 55; State ex rel. v. Western Union Telegraph Co., 165 Mo. 502.

(4)   An owner or holder of taxable property owes the primary active duty of making to the assessor the list or return under the statutory oath of all his taxable property for the purpose of aiding the assessor and of affording the assessor authentic information to enable the assessor to discharge his duties of assessing all the taxable property in his county. R. S. 1919, secs. 12766 to 12772, 3611, 12810; State ex rel. v. Stamm, 165 Mo. 73; State ex rel. v. Carr, 178 Mo. 229; State ex rel. v. People's Bank, 263 S. W. 206; State v. Ebbs, 89 Mo. App. 95.

WHITE, J.—This is a suit to collect taxes alleged to be due the city of Kirkwood by the defendant on personal property owned by him June 1, 1912.

The petition in the usual form is signed by J. G. Hawken, as collector, and by Henry Higginbotham, attorney.

The answer of the defendant George L. Edwards contains a general denial, and pleads the Statute of Limitations.

I.   The Statute of Limitations is not available to the defendant. The tax was for the year 1913 on property possessed by defendant **Limitations.**  June 1, 1912; that tax became delinquent January 1, 1914.   Suit was filed December 10, 1918, within five years after the tax became delinquent, as required by Section 12932, Revised Statutes 1919.

II.   Counsel for plaintiff introduced in evidence the tax bill on which the suit was brought. It showed the assessed valuation of appellant's property at $12,000, stating the different items con-**Tax**  stituting the amount sued for, totaling the sum of $84, be-**Bill.**  sides the interest, penalties and costs. Plaintiff introduced no further evidence. It is claimed by appellant that a case was not made out by the mere introduction of the tax bill.

Section 12932 and Section 12945, Revised Statutes 1919, provide that a tax bill sued on, certified, "shall be prima-facie evidence that the amount named in said suit is just and correct."

That provision is comprehensive enough to include the correctness of the assessment and all of the proceedings necessary for the validity of the tax bill. Appellant, however, says that a case was not made out because there was no proof that Hawken was in fact the collector authorized to certify the tax bill. When the tax bill was offered the defendant said it was not disputed that the tax bill was signed by whoever was required to certify a bill of the kind, and that it was duly signed by Mr. Hawken, the Collector. This, of itself, should satisfy the objection.

The rule is that an objection on account of a plaintiff's incapacity to sue, if it appears upon the face of the petition, must be taken advantage of by demurrer. If it does not so appear it must be taken advantage of by answer. Otherwise the right to object on account of such incapacity is waived. [Benne v. Schnecko, 100 Mo. 250; Alexander v. Wade, 106 Mo. App. 141, l. c. 150; 31 Cyc. 736.] The evidence does not show that any such objection of any kind was made; the tax bill was admitted in evidence without objection.

· It is further claimed that there was no proof that Mr. Higginbotham had been duly appointed attorney, employed by the collector and the county court to bring the tax suit, as required by Section 12944, Laws 1921, page 676, therefore there was no showing that he had authority to sue. We will presume that the trial court knew that Mr. Higginbotham was a duly licensed attorney, and therefore his authority to act in the suit is presumed unless directly challenged in an appropriate way. It cannot be taken advantage of after judgment. [Riley v. O'Kelly, 250 Mo. 647; Miller v. Assurance Co., 233 Mo. 91.]

III. Appellant offered himself as a witness and testified over the objection of the plaintiff's attorney that the assessment was arbitrary. By that he meant that it was made by the assessor without a return being made by him of the property owned. He made no return of his personal property for assessment for 1911 and 1912. His personal property was valued at $2500 or $3000, and had been the same for 1911, 1912, 1913 and 1914. **Excessive Assessment.** He made no return for 1911, and the assessor fixed the valuation at $6,000; he made no return for 1912, and the assessor fixed the valuation at $12,000. It may be inferred from the evidence of the defendant that these different valuations were taken from the valuation of his property in 1910, and doubled in each succeeding year. He complained therefore that his property was overvalued. The tax bill is prima-facie evidence that the assessor performed his duty in respect to it, and filed his book as the statute requires, with the county clerk. Such filing imparts general notice of its contents. [State ex rel. v. Reed & Sutton, 159 Mo. l. c. 85.] Section 12812, Revised Statutes 1919, provides that any person who thinks himself aggrieved by the assessment of his property may appeal. The defendant, therefore, having notice that his property was overvalued in the assessment, had his remedy plainly pointed out by the statute. The courts cannot take up the burden which the statute places upon assessors and boards of equalization. He failed to follow the method pointed out by the statute which is the one available to the taxpayer whose property is excessively valued. [Meyer v. Rosenblatt, 78 Mo. 495; State ex rel. v. Western Union Telegraph Co., 165 Mo. l. c. 523-524.] The prima-facie case made out by the in-

troduction of the tax bill cannot be overcome by evidence tending to show an overvaluation. The failure of a property owner to return his property for taxes authorizes an assessor to fix a valuation. [State ex rel. v. Birch, 186 Mo. l. c. 214; State ex rel. v. Dungan, 265 Mo. l. c. 365.]

IV. Judgment was rendered for the plaintiff for $213.14, which included penalty and interest to date of judgment, July 24, 1922, during the May term of the Circuit Court of St. Louis County. The defendant thereupon filed his motion for new trial which was continued until the September term, 1922, and again continued until the

Setting Aside Judgment.

January term, 1923, of said court, and at that term, January 9, 1923, the motion was overruled. The grounds advanced in the motion for new trial are covered by what has already been said. On January 23, 1923, after the motion for new trial was overruled, the appellant filed a motion asking the court to set aside the submission, finding and judgment, and permit the defendant to file an amended answer. In that motion and in the proposed amended answer appended to it, it is alleged that since the submission of the case and judgment entered, the County Court of St. Louis County, on application of the appellant, had set aside and annulled the assessment on which the suit was founded. Attached as an exhibit is what purports to be a transcript from the records of the county court, which shows that the defendant Edwards failed to make an accounting of his personal property for assessment in 1911; that it was of the value of $3,000, and that his assessment was doubled that year and made $6,000; that he failed to make a return of his property for 1912, and it was arbitrarily doubled for that year and made $12,000. That such latter assessment was erroneous and illegal and was therefore annulled and vacated and the property ordered to be assessed for that year for $3,000.

The court overruled the motion of the defendant to set aside the submission and permit him to file an amended answer setting up those facts.

In support of his position appellant cites authorities to the effect that the court, at any time during the term at which a judgment is rendered, or at a subsequent term to which the case may be carried over by the continuance of a motion for new trial, may vacate or modify such judgment.

It is unnecessary to determine whether an order of the county court reducing the assessment of the defendant's property after the circuit court had rendered judgment upon it may authorize a vacation of the judgment. For the purpose of this case we may concede that the trial court, at the time the motion to vacate the submission

was filed, had power to set aside its judgment and render any judgment on the facts as they appeared then to the court. The trial court, however, did not choose to set aside this judgment, but allowed it to stand. We are pointed to no authority which authorizes this court to interfere with the exercise of such discretion by the trial court, and we are unable to hold that it was error on the part of the trial court to refuse to set aside its judgment on account of any matter arising after judgment was rendered. Plainly, the defendant, after judgment and while before the county court, was in position to effect a compromise of the judgment rendered. That was the effect of the order which he claims the county court made in reducing his assessment. In the first place, he failed to carry his case involving the excessive assessment to proper authorities, or to do anything about it until after judgment was rendered upon it in the circuit court. If the county court had authority to reduce the assessment it had the same authority to compromise his judgment.

The judgment is affirmed. All concur.