STATE of Missouri ex rel. and to the Use of the COLLECTOR OF REVENUE OF the CITY OF ST. LOUIS and the City of St. Louis, Plaintiffs-Appellants,

v.

Bertram C. ROBERTSON, Defendant-Respondent.

No. 32726.

St. Louis Court of Appeals. Missouri.

July 18, 1967.

Raymond A. Bruntrager, St. Louis, for plaintiffs-appellants.

Sweet, Schwarz & McGhee, Grove G. Sweet, St. Louis, for defendant-respondent.

THEODORE McMILLIAN, Special Judge.

This appeal was transferred to this Court by the Missouri Supreme Court for jurisdictional reasons.

On April 15, 1965, the Collector of Revenue of the City of St. Louis at the relation

of the State of Missouri, pursuant to Section 141.820, RSMo 1959, V.A.M.S., filed suit against respondent for the recovery of alleged delinquent city earnings taxes. Respondent filed a motion to dismiss appellants' petition on the grounds that it appeared on the face thereof that appellants' claim for relief was barred by the statute of limitations. The Court sustained respondent's motion and dismissed appellants' petition with prejudice. Appellants now bring this appeal.

Appellants' petition alleges that respondent owes the City of St. Louis delinquent city earnings taxes for the years 1955 to 1958, both inclusive. The petition further alleges that for none of the years in dispute did respondent file a return. Appellants' prayer in the petition was for an aggregate sum of the taxes owed ($129.80), plus penalty and interest.

It is conceded by respondent that the allegations of appellants' petition are accepted as true for the purpose of this appeal.

The City of St. Louis, pursuant to enabling Statutes 92.110, RSMo 1959, V.A.M.S., and City Ordinance No. 47063, Section 5, approved April 28, 1954, requires a person liable for an earnings tax to file an earnings tax return on the 30th day of March of that year following the year the wages were earned, and to pay the tax due thereon. Neither the enabling statutes nor the ordinance makes any mention of any specific limitation of time within which to bring a suit for the collection of the tax. It is conceded by both parties that the general five-year statute, Section 516.120, RSMo 1959, V.A.M.S., is applicable as "an action upon a liability created by statute." State v. Dalton, 353 Mo. 307, 182 S.W.2d 311 (statute held to express policy of the State even as against tax claim of the State) ; and in City of St. Louis, et al. v. Newman (1869), 45 Mo. 138, 139, the Court stated:

" * * * If the act applies to demands in favor of the State, * * * then it must apply to demands of a city corporation created by the State, in the absence of any special provision to the contrary. * * *."

Succinctly stated, the question we must decide is when the statute of limitations begins to run. Appellants claim that the statute does not run until the tax due is delinquent. This much is conceded by respondent. Nevertheless, so claim appellants, in cases where no time for delinquency is fixed, either by statute or ordinance, and there is something else to be done—in this case, file a return—the tax is not delinquent until the return is filed by the taxpayer. State Tax Commission v. Spanish Fork, 99 Utah 177, 100 P.2d 575, 131 A.L.R. 816.

 Unquestionably, we must consider a long line of decisions "that the statute of limitations will begin to run only when the cause of action, or more precisely, the claim for relief, shall have accrued and * * * that a claim for relief has accrued when a right exists to institute a suit for its enjoyment." Boyd v. Buchanan, 176 Mo.App. 56, 162 S.W. 1075; also Beard v. Citizen's Bank, Mo.App., 37 S.W.2d 678, 679. In tax cases, the claim for relief is held to have accrued when the taxes have been assessed and have become delinquent. State ex rel. Hawkin v. Edwards, Mo., 286 S.W. 25; and St. Louis County ex rel., Scott v. Marvin Planing Mill Co., 228 Mo. App. 1048, 58 S.W.2d 769.

Appellants' whole case would seem to stand or fall upon the proposition that the tax in the instant case is not delinquent until the taxpayer files a return, and since none has been filed, the appellants' suit is therefore timely filed. State Tax Commission v. Spanish Fork, supra. Of course, if appellants are entirely correct in their contention, we are offered a very simple solution; that is, if the tax does not become delinquent until a return is filed, and since no return admittedly has been filed, ergo, appellants have no right to institute this claim for relief. Yet, we feel that this is a question of such general interest, touching upon the pulse of every responsible fiscal plan-

ning agency, that to dispose of it in such a summary manner, without coming to grips with the real problem, would only add to the unrest and uncertainty in this area.

In the Spanish Fork case, supra, which seems to support the appellants' position, plaintiff, State Tax Commission, brought suit against defendant, Spanish Fork, a municipal corporation, for defendant's failure as a collector of sales taxes, to make a return for sales taxes due. The lower court held that the statute of limitations against a claim for sales taxes began to run from the date that defendant was required by law to make a return. The Supreme Court of Utah, reversing the trial court, held that the date the return was filed was controlling, said, l. c. 577:

"* * * Ordinarily, a cause of action for a debt begins to run when the debt is due and payable because at that time an action can be maintained to enforce it. But when some controlling statute or a contract existing between the parties provides that an additional thing be done before action may be brought, such a statutory provision that a return must be filed, or, as in some insurance contracts, a provision that suit may not be brought before a certain time after the claimed loss, the statute of limitations does not start to run until the time when suit may be maintained even though interest on the amount of the liability may begin to run from the time it is due and payable. * * *"

The court continued in support of its conclusion stating, l. c. 577–578:

"* * * This ruling also comports with the equities of the case. The omission of an imposed duty designed to advise an administrative body of an event which sets its process in motion, shall not accrue to the advantage of the one who failed in the duty. This turns a delict into a triumph. Holding otherwise makes it the duty of the Tax Commission to ferret out and sue for taxes, businesses

which may never have filed a return and of the existence of which the Commission is unaware. * * *"

■ We are not unimpressed by the logic of two aspects of the ruling advanced by the Utah Supreme Court; namely (1) that one who has a duty imposed upon him by law should not benefit by his own dereliction of duty and; (2) the seemingly apparent impossibility of a tax collector to ferret out violators and to sue them for taxes. On the other hand, even though we are not unimpressed, yet we are unconvinced that we should follow the precedent fixed by the Utah Court. In our opinion, a statute of limitations is a legislative declaration of public policy not only to encourage our citizens to seasonably file and to vigilantly prosecute their claims for relief, but also to require them to do so or, otherwise, find their claims proscribed by law. On the same principle, from time immemorial, our Courts of equity have accomplished the same results by outlawing stale claims by the doctrine of laches. Granted, either policy may bring about some apparent injustices; however, we feel that in the main, the public interest is best served by the certainty gained by the prohibition of untimely and stale claims, and the incidental evils connected therewith.

Turning now to the Ordinance of the City of St. Louis, supra, we find, inter alia, it amply provides: (1) Sec. 2, "A tax * * * imposed * * * on salaries * * *" and (is) "* * * collected and paid on the basis of a calendar year, * * *"; (2) Sec. 5, "* * * each individual shall, on or before March 30 of each year, * * * make and file with the Collector a return, .* * *. The taxpayer making the said return shall, at the time of filing * * * pay * * * tax due * * *."; (3) Sec. 9, "* * * duty of the Collector to collect and * * * enforcement of * * * ordinance * * *."; (4) Sec. 10, "all taxes * * * due shall bear interest * * * 6 per cent * * * and penalty of one per cent"; and (5) Sec.

11, "all taxes * * * shall be recoverable by the City as other debts * * *."

 In our judgment, it is crystal clear that Section 5 not only imposes the tax, but also establishes the basis (calendar year) for payment. On the other hand, this is not to say that appellants could have brought suit on that date. This for the reason that Section 2 must be construed in conjunction with Section 5 which gives to the taxpayer a grace period from January 1 to March 30. Hence, from January 1 to March 30, the tax is unquestionably due but not delinquent. See St. Louis County ex rel. Scott v. Marvin Planing Mill Co., supra, which involved the defense of limitations on a special tax bill. The enabling legislation granted the County Court permission to allow a thirty-day grace period after issuance of the tax bill before it would start bearing interest. Suit was filed upon the tax bill more than five years after issuance, but less than five years after expiration of the thirty-day grace period. The defense of limitations was interposed. The Court, after discussing some of the anomalies which could result were it to hold otherwise, held that the right to bring a suit for the enforcement of the lien of the special tax bill did not accrue until thirty days after the date of its issuance. State ex rel. Hudson v. Carr, 178 Mo. 229, 77 S.W. 543; Drainage District No. 1 of Bates County v. Bates County, 269 Mo. 78, 189 S.W. 1176; and McFaw Land Co. v. Kansas City Title and Trust Co., 357 Mo. 797, 211 S.W.2d 44.

Accordingly, we hold that the respondent's tax became delinquent for each year, 1955 to 1958, respectively, on the day after March 30, of the ensuing year, and after that date, interest and penalties accrue. Therefore, inasmuch as Section 9 and 11 authorize and require the appellants to institute suit for delinquent taxes, the whole matter is committed to his hands at the time delinquency occurs. We hold that appellant could sue the day following the delinquency, or any other day until the bar of limitations has attached. In the instant case, he could have sued on March 31, of any year from 1956 to 1959, inclusively, for the taxes due for the year from 1955 to 1958, inclusively. So, since he could sue, the statute of limitations commenced; therefore, we hold that this action which was filed April 15, 1965, is barred.

The judgment of the trial court is hereby affirmed.

ANDERSON, P. J., and WOLFE, J., concur.